UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MARCUS T. STRINGER** | **CIVIL ACTION NO. 22-853-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **CADDO COURT SYSTEM, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Marcus T. Stringer ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 28, 2022. Plaintiff is detained at the Caddo Correctional Center in Shreveport, Louisiana. He names the Caddo Court System, Phillip Adams, Samantha Ford, the District Attorney and the Office of the District Attorney as defendants.

Plaintiff is charged with aggravated battery and illegal use of a dangerous weapon. Plaintiff claims his attorneys Phillip Adams and Samantha Ford provided him with ineffective assistance from June 6, 2021 through July 9, 2022. He claims they did not discover sealed documents that would have helped him to be released. He claims the District Attorney failed to show proof of him committing a crime. He claims the District

Attorney did not provide him with a timely bill of particulars. He claims that when he appears in court, his lawyers quit, and the process must begin again.

Plaintiff filed a petition for writ of habeas corpus. He claims he received a response stating that nothing could be done for him. Plaintiff claims he is entitled to a bill of particulars which must state in detail the crime alleged to have been committed and the method used in committing the crime.

Accordingly, Plaintiff seeks his release from incarceration and monetary compensation.

## LAW AND ANALYSIS

**District Attorney and the Office of the District Attorney**

Plaintiff names the District Attorney and the Office of the District Attorney as defendants. He claims the District Attorney failed to show proof of him committing a crime. He claims the district attorney did not provide him with a timely bill of particulars. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney as a quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties. Accordingly, Plaintiff's civil rights claims against the District Attorney and the Office of the District Attorney should be dismissed as frivolous.

**Attorneys**

Plaintiff claims he was provided ineffective assistance of counsel by Phillip Adams and Samantha Ford during his criminal trial proceedings. However, Plaintiff does not specifically allege that Phillip Adams and Samantha Ford acted under color of state law.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976);

Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Philip Adams and Samantha Ford should be dismissed as frivolous.

**Caddo Court System**

Plaintiff states no specific claims against the Caddo Court System. The court will liberally construe this as a claim against the judge and/or judges presiding over his criminal trial proceedings. Plaintiff cannot maintain his claims against a judge. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against the Caddo Court System should be dismissed as frivolous.

**Habeas Claim**

Plaintiff seeks his immediate release from incarceration. To the extent Plaintiff seeks a release from custody, his claims should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2241. To the extent Plaintiff seeks the release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against the District Attorney, the Office of the District Attorney, Phillip Adams, Samantha Ford and the Caddo Court System be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that Plaintiff's request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim which relief may be granted pursuant to 42 U.S.C. § 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 28th day of October, 2022.

Mark L. Hornsby
U.S. Magistrate Judge